IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 25 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>VS.<br><br>FAMILY DOLLAR STORES OF TEXAS, L.P.,<br>FAMILY DOLLAR HOLDINGS, INC.<br>Defendants. | CIVIL ACTION NO. 1:05-cv-663<br><br>JURY TRIAL DEMANDED |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") and Defendant Family Dollar Stores of Texas, L.P. ("Defendant" or "Family Dollar") agree to entry of this Consent Decree. Defendant Family Dollar Holdings, Inc. has been dismissed from this action and, as such, is not a party to this Consent Decree.

**I.  Background and History of Proceedings**

A.  Charging Party Misty Thomas ("Charging Party") filed a charge of discrimination with the Commission (Charge No. 330-2004-06832) alleging Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII").

B.  On September 29, 2005, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct constituted unlawful discrimination on the basis of pregnancy in violation of Section 703 (a) of Title VII.

C.  Defendant denied the allegations of pregnancy discrimination.

D.  The parties wish to avoid the risks, uncertainties and expenses of continued

litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant—s consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation. The parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

E. The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. 1:05-cv-663 and the above-referenced Charge on behalf of Misty Thomas.

2. Defendant, its employees and affiliated companies, recognize, acknowledge and agree that Title VII of the Civil Rights Act of 1964 prohibits it from engaging in any employment practice which discriminates against any employee or applicant with respect to compensation, terms, conditions or privileges of employment because of such person's sex, including pregnancy, and that it is incumbent upon Defendant to comply with the law. Further, Defendant recognizes, acknowledges and agrees that Title VII prohibits retaliation against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII and that it is incumbent upon Defendant to also comply with this provision of the law.

3. Annually, for four years from the entry of this Decree, Family Dollar will provide, using experienced Human Resource Professionals, a program on employment discrimination, including the law relating to Title VII and its prohibition against pregnancy discrimination, to all management level employees located in Defendant—District 3. The initial training shall be completed not later than February 28, 2007 or six (6) months from the date the Consent Decree is entered, whichever date is later. The remaining training events shall be completed annually thereafter from the date of the initial training. Defendant shall submit to the EEOC each year at least thirty days in advance of the program, for the EEOC's approval, the name and qualifications of the program provider, a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. The person who shall administer the trainings will be an Human Resources manager or director possessing at least five years of experience in employment law. The presenter must be approved by the EEOC through its counsel. Written acknowledgment of receipt of the training, including the person's name, job title, job location and signature, shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Family Dollar and also copies shall be forwarded to the EEOC's undersigned counsel.

4. Defendant agrees that within ten days after entry of this Decree it will conspicuously post the attached notice (Exhibit "A") in an area accessible to all

employees at Family Dollar's Port Neches store for a period of four years from the date the Decree is signed.

5. Defendant agrees that Ms. Thomas's personnel file does not and shall not contain any documents referencing her charge of discrimination, the Commission's lawsuit, or this Consent Decree entered in the Commission's lawsuit. It further agrees to provide in response to any written or verbal inquiries from potential employers a neutral job reference, stating her dates of employment, position or title, ending salary and shall not reference her charge of discrimination, the Commission's lawsuit, or this Consent Decree entered in the Commission's lawsuit.

6. Defendant agrees to pay the total sum of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) in full and final settlement of the Commission's lawsuit to provide monetary relief to Misty Thomas. Said sum shall be paid to Ms. Thomas within fourteen (14) days from the date of entry of the Decree. Defendant shall mail or deliver the settlement sum to Ms. Thomas at the address provided by the Commission to Defendant. A copy of the checks disbursed to Ms. Thomas shall be mailed to the Commission's undersigned counsel of record on the same day the checks are mailed to the Charging Party.

7. The sums payable to the Charging Party may be subject to federal or state income tax. Defendant shall issue two checks to Charging Party: one check in the amount of $5,000.00 as back pay and a second check in the amount of $5,000.00 for personal damages and emotional distress. Defendant agrees to issue appropriate Internal Revenue Service Forms to Charging Party for all sums paid pursuant to this Consent Decree not later than January 31, 2007. The Charging

Party will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award. Defendant makes no representation as to the tax status of the funds being paid herein.

8. Each party to this action shall bear their own costs and attorney—s fees.

9. This Consent Decree shall be binding on Defendant and all of Defendant—s successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

10. This Decree shall remain in effect for four years from the date of signing. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The Commission is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

11. The Commission agrees that, in the event the Commission believes Defendant is in violation of any provision of this Consent Decree, the Commission shall notify Defendant, through its undersigned counsel, of such violation and afford Defendant the opportunity to remedy as may be appropriate any such alleged violation within 30 days of such notice, before instituting any legal action to enforce such provision(s).

12. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which

the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

13.  Each signatory certifies that he/she is authorized to execute this document on behalf of the party whom they represents.

Signed this __18th__ day of __September__, 2006 at Beaumont, Texas.

_____
Thad Heartfield
United State District Judge

**AGREED AND CONSENTED TO:**

| ATTORNEY FOR PLAINTIFF<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION | ATTORNEY FOR DEFENDANTS<br>FAMILY DOLLAR STORES OF TEXAS, L.P. AND FAMILY DOLLAR HOLDINGS, INC. |
|---|---|
| By: /s/ Kathy D. Boutchee<br>    Kathy D. Boutchee<br>    TBN: 02717500<br>    Equal Employment Opportunity<br>        Commission<br>    1919 Smith Street, 7th Floor<br>    Houston, Texas 77002<br>    (713) 209-3399<br>    Fax: (713) 209-3402<br>    Email:kathy.boutchee@eeoc.gov | By: /s/David J. Comeaux<br>    David J. Comeaux<br>    TBN: 00793537<br>    Ogletree, Deakins, Nash,<br>        Smoak & Stewart, P.C.<br>    500 Dallas Street, Suite 3000<br>    Houston, Texas 77002<br>    (713) 655-0855<br>    Fax: (713) 655-0020<br>    Email:david.comeaux@ogletreedeakins.com |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

# NOTICE TO THE EMPLOYEES OF FAMILY DOLLAR

THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE ENTERED IN RESOLUTION OF A LAWSUIT BROUGHT BY THE EEOC HOUSTON DISTRICT OFFICE AGAINST FAMILY DOLLAR. REGARDING PREGNANCY DISCRIMINATION IN THE WORK PLACE PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

1. Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment.

2. FAMILY DOLLAR. supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or receiving compensation for the settlement of any sex discrimination claim.

3. FAMILY DOLLAR. prohibits sex discrimination, including pregnancy discrimination, and will not engage in the practice of altering the terms and conditions of employment on the basis of sex or pregnancy.

4. Sex and pregnancy discrimination are expressly prohibited and constitute an unlawful discriminatory employment practice. Such discriminatory employment practices will not be tolerated at FAMILY DOLLAR..

5. Any employee who feels they have been the target of such discrimination is advised to report this action promptly to Mark Guidroz, Director of Employee Relations, 1-800-547-0359.

SIGNED this _____ day of _____, 2006.

> Mark Chidester,
> VP of Human Relations
> FAMILY DOLLAR.

This OFFICIAL NOTICE shall remain posted for four full years from date of signing.
"EXHIBIT A"